UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AYAZ M., <br>    *Plaintiff*, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting <br> Commissioner of the Social Security <br> Administration, <br>    *Defendant*. | CASE NO. 3:22-cv-1603 (KAD) <br><br><br><br> FEBRUARY 5, 2024 |

**MEMORANDUM OF DECISION**
**RE: PLAINTIFF'S MOTION TO REVERSE (ECF NO. 25) AND COMMISSIONER'S MOTION TO AFFIRM (ECF NO. 31)**

Kari A. Dooley, United States District Judge:

Plaintiff Ayaz M. ("Plaintiff") brings this administrative appeal pursuant to 42 U.S.C. § 405(g). He appeals the decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Administration"), denying his application for disability insurance benefits pursuant to Title II of the Social Security Act ("Act"). Plaintiff moves to reverse the Commissioner's decision insofar as the Administrative Law Judge ("ALJ") failed to account for any mental health restrictions in constructing Plaintiff's residual functional capacity ("RFC"). Alternatively, he seeks a remand for further proceedings before the Commissioner. In response, the Commissioner asserts that the ALJ's decision is supported by substantial evidence in the record and is based upon the correct application of legal standards, and thus should be affirmed. For the reasons set forth below, the Plaintiff's Motion to Reverse, ECF No. 25, is GRANTED and the Commissioner's Motion to Affirm, ECF No. 31, is DENIED.

**Standard of Review**

A person is "disabled" under the Act if that person is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3). In addition, a claimant must establish that their physical or mental impairment or impairments are of such severity that they are not only unable to do their previous work but "cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." *Id.* § 423(d)(2)(A).

Pursuant to regulations promulgated by the Commissioner, a five-step sequential evaluation process is used to determine whether a claimant's condition meets the Act's definition of disability. *See* 20 C.F.R. § 404.1520. In brief, the five steps are as follows: (1) the Commissioner determines whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509" or a combination of impairments that is severe and meets the duration requirements; (3) if such a severe impairment is identified, the Commissioner next determines whether the medical evidence establishes that the claimant's impairment "meets or equals" an impairment listed in Appendix 1 of the regulations[1]; (4) if the claimant does not establish the "meets or equals" requirement, the Commissioner must then determine the claimant's residual functional capacity ("RFC") to perform their past relevant work; and (5) if the claimant is unable to perform their past work, the Commissioner must finally determine whether there is other work in the national economy which the claimant can perform in light of their RFC, education, age, and work experience. *Id.* §§ 404.1520(a)(4)(i)–(v); 404.1509.

---

[1] Appendix 1 to Subpart P of Part 404 of C.F.R. 20 is the "Listing of Impairments."

The claimant bears the burden of proof with respect to Steps One through Four and the Commissioner bears the burden of proof as to Step Five. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).

The fourth sentence of Section 405(g) of the Act provides that a "court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the case for a rehearing." 42 U.S.C. § 405(g). And it is well settled that a district court will reverse the decision of the Commissioner only when it is based upon legal error or when it is not supported by substantial evidence in the record. *See Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir. 1997); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted). The court does not inquire as to whether the record might also support the plaintiff's claims but only whether there is substantial evidence to support the Commissioner's decision. *Bonet ex rel. T.B. v. Colvin*, 523 F. Appx. 58, 59 (2d Cir. 2013). Thus, substantial evidence can support the Commissioner's findings even if there is the potential for drawing more than one conclusion from the record. *See Vance v. Berryhill*, 860 F.3d 1114, 1120 (8th Cir. 2017). The court can only reject the Commissioner's findings of facts "if a reasonable factfinder would have to conclude otherwise." *Brault v. Social Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012). Stated simply, "if there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

**Facts and Procedural History**

On April 15, 2020, Plaintiff applied for disability insurance benefits[2] pursuant to Title II of the Act,[3] alleging an onset date of April 4, 2019. His claim was initially denied on September 20, 2020 and upon reconsideration on January 19, 2021. Thereafter, a hearing was held before an ALJ on June 17, 2021. On August 4, 2021, the ALJ issued a written decision denying Plaintiff's application for benefits. Plaintiff submitted a request for further review, which the Appeals Council denied on August 22, 2022.

At Step One, the ALJ found that Plaintiff has not been engaged in substantial gainful activity since April 4, 2019. At Step Two, the ALJ determined that Plaintiff had a severe impairment, to wit, disorder of the lumbar spine and a non-severe impairment, depressive order. In assessing whether the depressive disorder was severe or non-severe, the ALJ analyzed the Paragraph B criteria and found that the Plaintiff had mild limitations in understanding, remembering or applying information, mild limitations in interactions with others, mild limitations in his ability to concentrate, persist, or maintain pace, and mild limitations in his ability to adapt or manage himself. At Step Three the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in the regulations.[4] At Step Four, the ALJ found that the Plaintiff has the RFC to perform medium work[5] subject to several physical limitations, to include: lifting and/or carrying 50 pounds occasionally and 25 pounds frequently; standing and/or walking with normal breaks for a total of six hours in and eight hour workday; sitting with normal breaks for a total of six hours in an eight-hour workday; only frequent stooping; and only occasional climbing of ladders, ropes, or scaffolds. At

---

[2] The regulations for disability and disability insurance are found at 20 C.F.R. § 404.900, *et seq.*
[3] 42 U.S.C. § 401 *et seq.*
[4] *See* 20 C.F.R. § Part 404, Subpart P, Appendix 1 (listing qualifying impairments).
[5] Defined in 20 C.F.R. 404.1567(c) as involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work."

Step Five, the AJ determined that Plaintiff could perform his past relevant work as an assembler and CNC machinist. Accordingly, the ALJ concluded that Plaintiff was not disabled under Sections 216(i) and 223(d) from April 4, 2019 to August 4, 2021. This timely appeal followed.

**Discussion**

Plaintiff argues that the ALJ erred when he found that Plaintiff suffered mild limitations with respect to all four of the Paragraph B criteria but then failed to account for any of these mental limitations in formulating the RFC. In response, the Commissioner argues that substantial evidence supports the ALJ's RFC assessment. The Court agrees with the Plaintiff.

A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545; 416.945. In formulating an RFC, an ALJ uses "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3); *see also Corbiere v. Berryhill*, 760 F. Appx. 54, 57 (2d Cir. 2019) ("[T]he ALJ must weigh all the evidence to make a[n RFC] finding consistent with the record as a whole."). But it is the plaintiff's burden to provide evidence to establish any work-related limitations. *See Smith v. Berryhill*, 740 F. Appx. 721, 726 (2d Cir. 2018).

When an ALJ finds that a claimant has non-severe impairments, as happened here, the ALJ must consider those impairments when he or she assesses the claimant's RFC. *See* 20 C.F.R. § 404.1545(a)(2); *Grant v. Saul*, 3:18-cv-261 (KAD), 2020 WL 1307106, at *6 (Mar. 18, 2020). Indeed, the ALJ acknowledged this obligation in his decision:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. **The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment.**

Tr. at 29 (emphasis added). Thus, remand is required when the ALJ fails to account for the claimant's non-severe impairments when determining his or her RFC. *See Parker-Grose v. Astrue*,

5

462 F. Appx. 16, 18 (2d Cir. 2012) (summary order); *Ames v. Berryhill*, No. 16-cv-316 (FPG), 2017 WL 1276706, at *3 (W.D.N.Y. Apr. 6, 2017).

Upon review of the ALJ's RFC findings, there is no "detailed analysis," or any analysis, indicating that the ALJ considered Plaintiff's non-severe mental impairments.[6] The analysis at Step 4 and the explanation for the RFC is completely silent on Plaintiff's depressive disorder, a condition that, as the ALJ found, impacts Plaintiff's understanding, remembering, or applying information, interactions with others, ability to concentrate, persist, or maintain pace, and ability to adapt or manage himself. Tr. 24–25. The ALJ merely states that the Plaintiff has not had any psychiatric treatment, hospitalizations, or medication but does not explain why Plaintiff's limitations would not impact the nature and type of work that he could perform or why the limitations are not accounted for in Plaintiff's RFC. Further, in rendering his assessment, the ALJ found "persuasive" the opinion evidence by the State consultant offered at the reconsideration level. Tr. at 30. This opinion includes the "mild" limitations across all four spheres of the paragraph B criteria and further concludes that Plaintiff had "difficulty with abstract thinking and may have difficulty following instructions." Ex. 4A, Tr. at 108. Because the RFC is simply silent as to the impact of these limitations on Plaintiff's RFC, a remand is required for reconsideration of the Plaintiff's RFC. *See Parker-Grose*, 462 F. Appx. at 18 ("[E]ven if this Court concluded that substantial evidence supports the ALJ's finding that [claimant's] mental impairment was nonsevere, it would still be necessary to remand this case for further consideration because the ALJ failed to account [for limitations resulting from the non-severe impairment] when determining

---

[6] Although the ALJ mentions that he considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," a boilerplate recitation that the entire record has been considered does not satisfy his drafting obligations if the ALJ does not otherwise provide reasons for his determination. *See Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) ("[r]emand for further findings or a clearer explanation" is appropriate when a court cannot "fathom the ALJ's rationale in relation to evidence in the record. . . .") (internal quotation marks omitted).

[the claimant's] RFC."). Remand for an adequate consideration of non-severe mental impairments is especially appropriate where the ALJ has found that Plaintiff could perform semi-skilled or skilled work. The "Social Security Administration has noted that understanding, remembering, and carrying out simple instructions is required for even unskilled sedentary work." *Rousey v. Commissioner*, 285 F. Supp. 3d 723, 741 (S.D.N.Y. 2018) (cleaned up).

Relatedly, the ALJ erred when he also failed to include any of plaintiff's mental impairments in the hypotheticals to the vocational expert. *See McIntyre*, 758 F.3d at 151–52 (holding that "the [Commissioner] must evaluate [the] combined impact [of a claimant's impairments] on a claimant's ability to work, regardless of whether every impairment is severe" and that "an ALJ's hypothetical [to a vocational expert] should explicitly incorporate any limitations in concentration, persistence, and pace."). Plaintiff's non-severe depressive disorder impairments may have affected the VE's conclusion that Plaintiff could perform semi-skilled and skilled work. *Rousey*, 285 F. Supp. 3d at 742.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Reverse (ECF No. 25) is GRANTED and the Commissioner's Motion to Affirm (ECF No. 31) is DENIED. The Clerk of the Court is directed to enter judgment in favor of Plaintiff and to remand this matter to the Commissioner for rehearing and further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and consistent with this Memorandum of Decision. On remand, the Commissioner shall specifically consider the record evidence regarding Plaintiff's non-severe mental impairments and articulate reasons for accepting or rejecting such evidence in determining whether such impairments impact his RFC.[7]

---

[7] The Court offers no opinion as to what the outcome of such an assessment should be.

The Clerk of the Court is further instructed that if a subsequent appeal to this Court is made following remand, it is to be directly assigned to the undersigned.

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of February 2024.

                                                  */s/ Kari A. Dooley*
                                                KARI A. DOOLEY
                                                UNITED STATES DISTRICT JUDGE